```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA
```

VICKI LAMBERT                                      CIVIL ACTION

VERSUS                                             NO: 12-2058

JULIA WARE, ET AL.                                 SECTION: R

## ORDER AND REASONS

Before the Court is defendants' motion to dismiss plaintiff's hostile work environment and intentional infliction of emotional distress claims. For the following reasons, defendants' motion is granted.

## I. BACKGROUND

Vicki Lambert worked as a medical assistant in defendant's clinic until she was fired in May 2012. Julia Ware was Lambert's supervisor. Shortly after the clinic terminated Lambert, Lambert filed this suit against Ware and the clinic. Lambert alleges, among other claims, that defendants created a hostile work environment and intentionally inflicted emotional distress.

In her complaint, plaintiff alleges that Ware consistently harassed her about her weight, threatened her job weekly, lashed out at her, and harassed her outside of the office by texting and calling her.[1] Plaintiff alleges that this caused her severe emotional injuries as well as mental and emotional distress.[2]

---

[1] R. Doc. 1-5 at 3-4.

[2] *Id.*

Defendants now move to dismiss these claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## II. MOTION TO DISMISS STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1960 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S.Ct. at 1949.

A legally sufficient complaint must establish more than a "sheer possibility" that plaintiff's claim is true. *Id.* It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of

each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed. *Twombly*, 550 U.S. at 555; *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007).

**III. DISCUSSION**

**A.   Plaintiff Does Not State A Claim For Hostile Work Environment**

Plaintiff does not contest defendants' motion to dismiss her hostile work environment claim. In order to establish this claim under either Louisiana law or Title VII, a plaintiff must allege, *inter alia*, that she belongs to a protected group or class and was discriminated against on the basis of that status. *Hare v. Paleo Data, Inc.*, 89 So.3d 380, 387 (La. Ct. App. 2012); *Turner v. Baylor Richardson Med. Ctr*, 476 F.3d 337, 347 (5th Cir. 2007). Plaintiff's complaint does not make any allegation that she belongs to a protected class, much less that she was discriminated against because of her membership in that class. Accordingly, this claim is dismissed.

**B.     Plaintiff Does Not State a Claim for Intentional Infliction of Emotional Distress**

To state a claim for intentional infliction of emotional distress plaintiff must allege: (1) that the conduct of the defendant was extreme and outrageous, (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct. *White v. Monsanto Co.*, 585 So. 2d 1205, 1209 (La. 1991). Defendant argues that plaintiff has not adequately pled the first or third elements.

**(1)  Outrageous Conduct**

Plaintiff has not properly alleged the first element because the conduct alleged is not "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in civilized community." *Id.* In her petition, plaintiff alleges that Ware: (1) consistently harassed her about her weight and made derogatory comments, (2) called her into her office on a weekly basis and threatened to terminate her if she did not do certain tasks or work on her off days, (3) harassed her outside of the office by texting and calling her, (4) misled plaintiff into calling in prescriptions for patients who were Ware's friends and relatives, (5) lashed out at her when she brought up

4

discrepancies in her paycheck, and (6) dropped off plaintiff's personnel file at her home mailbox after her termination.[3]

These allegations fail to state a viable claim for intentional infliction of emotional distress under Louisiana law. Plaintiff's status as an employee may entitle her to greater protection from insult by a supervisor than from a stranger, but "a disciplinary action in a workplace environment is ordinarily not actionable . . . because a disciplinary action's purpose is to cause some degree of distress." *Groff v. Southwest Beverage Co., Inc.*, 997 So. 2d 782, 786-87 (La. Ct. App. 2008). Louisiana has limited the cause of action in work place settings to those that involve "a pattern of deliberate, repeated harassment over a period of time." *Nicholas v. Allstate Ins. Co.*, 765 So. 2d 1017, 1026-27 (La. 2000).

Here, plaintiff's allegations describe friction between a supervisor and her employee. Intentional inflection of emotional distress claims will not lie for "mere employment disputes since an employer must be free to demote, transfer, discipline, and terminate employees even though such actions will undoubtably be unpleasant and cause emotional distress." *Griffith v. Louisiana* 808 F. Supp. 2d 926, 935 (E.D. La. 2011); see *Washington v. Davis*, No. 01-1863, 2001 WL 1287125, at *8 (E.D. La. Oct. 23, 2001) (plaintiff failed to state a claim when complaint alleged

---

[3]   R. Doc. 1-5 at 4.

"she was subjected to harassment, retaliation, and a hostile work environment"). Instead, plaintiff's allegations are no more than "mere insults, indignities, threats, annoyances, petty oppressions [and] other trivialities." *White*, 585 So. 2d at 1209. Further, "an employer may call upon an employee to do more work than other employees . . . without engaging in extreme and outrageous conduct." *Deus v. Allstate Ins. Co.*, 15 F.3d 506, 514-15 (5th Cir. 1994); *Guichard v. Louisiana*, No. 11-535, 2011 WL 3900051, at *5-6 (E.D. La. Sept. 6, 2011) ("Conduct in the workplace, even if calculated to cause some degree of mental anguish, will rarely be so severe that it will rise to the level of 'outrageous conduct.'") (citation omitted).

Accordingly, plaintiff fails to allege facts that satisfy the first element of extreme and outrageous behavior. *See, e.g.*, *Bertaut v. Folger Coffee Co.*, No. 06-2437, 2006 WL 2513175, at *4, (E.D. La. Aug. 29, 2006) (plaintiff failed to state a claim where she alleged she was subjected to "harassment, retaliation, and a hostile work environment, and that as a result, she has suffered physical illness, wrongful termination, irreparable loss, grievous humiliation").

**(2)  Intent to Inflict Emotional Distress**

Also missing from plaintiff's complaint are any facts alleging defendants desired to inflict severe emotional distress or knew that severe emotional distress would be certain or

substantially certain to result from their conduct. *White*, 585 So. 2d at 1209; *Richardson v. Home Depot USA*, 808 So. 2d 544, 548 (La. Ct. App. 2001) (holding that plaintiff failed to state a claim where she failed to allege facts indicating that defendants' conduct towards her was intended or calculated to cause severe emotional distress). To be actionable, an employer's conduct must be "intended or calculated to cause severe motional distress, not just some lesser degree of fright, humiliation, embarrassment, or worry." *Almerico v. Dale*, 927 So. 2d 586, 592-593 (La. Ct. App. 2006). Plaintiff does not allege facts that directly or by plausible inference suggest that defendants intended to cause her severe emotional distress or knew that severe emotional distress would result their conduct.

Accordingly, plaintiff fails to state a claim for which relief can be granted and her claim is dismissed.

## IV. CONCLUSION

For the above reasons, defendant's partial motion to dismiss plaintiff's claims of hostile work environment and intentional infliction of emotional distress is GRANTED.

New Orleans, Louisiana, this 10th day of January, 2013.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE